## Cox's Bond

*Robert M. Dale*, for City of Franklin.
*Donald Glenn*, for school district.
*F. Harold Gates*, for county.
*Maurice P. Breene*, for city treasurer.

McCRACKEN, P. J., September 5, 1936.—The Third Class City Law was approved by the Governor on June 23, 1931, P. L. 932. In this act the legislature codified all the law with respect to the government of third class cities. Section 1402 provides:

"The city treasurer shall give lawful bond to the city, with two or more sufficient sureties, or with a surety company authorized by law to act as surety, to be approved by the council, in such sum as it may by ordinance direct, conditioned for the honest and faithful discharge of his official duties and the safe-keeping and payment over of all public moneys entrusted to his care, and that as tax collector he shall well and truly collect and pay or account for the whole amount of the taxes charged and assessed

in the duplicates which shall be delivered to him during his term of office. The city treasurer shall be required to give but one bond to the city, which shall include his duties as city treasurer and collector of taxes, and shall cover the full term of his office. He shall, as city treasurer, receive a fixed annual salary, to be provided by ordinance. His compensation as tax collector for the city shall be fixed as provided in article twenty-five of this act."

The Act of June 21, 1935, P. L. 363, amended the section just quoted as follows:

"Section 1402. Bond; Salary.—The city treasurer shall give lawful bond to the Commonwealth, with two or more sufficient sureties, or with a surety company authorized by law to act as surety, to be approved by the council, in such sum as it may by ordinance direct, conditioned for the honest and faithful discharge of his official duties and the safe-keeping and payment over of all public moneys entrusted to his care, and that as tax collector of city, county, school, and poor taxes he shall well and truly perform his duties and pay over all taxes, penalties and interest collected to the taxing authority entitled thereto, and account for the whole amount of taxes charged and assessed in the duplicates which shall be delivered to him by the several taxing authorities during his term of office by payment over of the taxes collected, by showing exonerations, by the return of real estate on which taxes remain unpaid, or by the making out of schedules of city, county, school, and poor taxes uncollected upon his duplicates as provided in section two thousand five hundred and sixty-eight of this act. The city treasurer shall be required to give but one bond, which shall include his duties as city treasurer and collector of city, county, school, and poor taxes, and shall cover the full term of his office. Should the city, county, school district, or poor district be of the opinion at any time that the bond given is not sufficient, additional security may be required to be given. The treasurer shall not in any event be required to give bond or bonds aggregating an amount in excess of the tax

to be collected by him. The bond or bonds given by the city treasurer shall be for the use of the city, the county, the school district, and the poor district.

"He shall, as city treasurer, receive a fixed annual salary, to be provided by ordinance. His compensation as tax collector for the city, county, school district, and poor district shall be fixed as provided in article twenty-five of this act."

Section 2552 of the act just quoted provides that the city treasurer shall be the collector of taxes for the city, county, school, and poor district.

The same act repeals section 2553 of the Act of June 23, 1931, supra, which in effect provided that the treasurer as collector of taxes should give a bond which would guarantee the collection, payment or accounting for "the whole amount of the taxes charged and assessed in the duplicates which shall be delivered to him during his term of office."

The Act of 1935, supra, from which we have heretofore quoted at length, provides in the last two paragraphs:

"Nothing contained in this act shall be construed to repeal any local or special law providing for the collection of county taxes by county treasurers.

"This act shall be in force in each city only as to city treasurers elected after the effective date of this act. In the case of city treasurers in office upon the effective date of this act, the laws in force prior to the adoption of this act shall continue, and for such purpose, the acts repealed by this act shall be deemed to continue in force until this act is in complete operation in all cities of the third class."

By the Act of July 12, 1935, P. L. 719, the legislature enacted an amendment to the Act of June 23, 1931, P. L. 932, "by changing the conditions of the bond of the city treasurer as tax collector, and providing when liability on such bond shall cease." The last quotation is from the preamble to the last numbered act. It amended sections

1402 and 2553 of the Act of June 23, 1931, supra, as follows:

"Section 1402. Bond; Salary.—The city treasurer shall give lawful fidelity bond to the city, with two or more sufficient sureties, or with a surety company authorized by law to act as surety, to be approved by the council, in such sum as it may by ordinance direct, conditioned for the honest and faithful discharge of his official duties and the safe-keeping and payment over of all public moneys entrusted to his care, and that as tax collector he shall account for and pay over all moneys received by him as taxes, and account for all tax items contained in the duplicates delivered to him during his term of office, which remain uncollected. The city treasurer and his sureties shall be discharged from further liability on any bond as tax collector, as soon as all tax items contained in the duplicates are either—(1) collected and paid over, or (2) certified to the city council for entry as liens in the office of the prothonotary, or (3) returned to the county treasurer or city treasurer for sale, or (4) in the case of occupation, poll, and per capita taxes, a record of those which remain uncollected is filed with the tax authority, together with the oath of the tax collector that he has made a diligent effort to collect such taxes. The city treasurer shall be required to give but one bond to the city, which shall include his duties as city treasurer and collector of taxes, and shall cover the full term of his office. He shall, as city treasurer, receive a fixed annual salary, to be provided by ordinance. His compensation as tax collector for the city shall be fixed as provided in article twenty-five of this act."

Section 2553 relates to the bond of the tax collector, is amended to comply with the provisions immediately quoted above, and stipulates that the bond given shall be a fidelity bond.

Helen T. Cox was duly elected City Treasurer of the City of Franklin, Venango County, Pa., at a general election held on November 5, 1935, and, by virtue of the legis-

lation quoted and other legislation in effect at the time of her election, became collector of taxes for the City of Franklin, the School District of Franklin, and the County and Poor District of Venango County. There being an apparent confusion or conflict in the legislation with respect to the bond to be filed by her, as evidenced by the legislation which we have quoted, the three municipalities mentioned above joined in a petition filed on September 2, 1936, asking that the court construe the acts. We have quoted at length in order that we might have before us what the legislature had in mind in enacting the several statutes cited.

A primary rule of construction is:

"As the intention of the legislature, embodied in a statute, is the law, the fundamental rule of construction, to which all other rules are subordinate, is that the court shall, by all aids available, ascertain and give effect, unless it is in conflict with constitutional provisions, or is inconsistent with the organic law of the State, to the intention or purpose of the legislature as expressed in the statute": 59 C. J. 948, §568.

The authority just quoted is amply sustained by the decisions of the appellate courts of this Commonwealth.

In construing a statute or statutes we are compelled to give effect to the same in its or their entirety.

"Provided always that the interpretation is reasonable and not in conflict with the legislative intent, it is a cardinal rule of construction of statutes that effect must be given, if possible, to the whole statute and every part thereof. To this end it is the duty of the court, so far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. Just as an interpretation which gives effect to the statute will be chosen instead of one which defeats it, so an interpretation which gives effect to the entire language will be selected as against one which does not": 59 C. J. 995, §595.

With these rules in mind we will consider the acts quoted above and which are in apparent conflict. From what has already been set out it is apparent that the legislature intended that the Act of June 21, 1935, should eventually become a complete and adequate system for the collection of taxes within the Commonwealth, and we are justified in assuming that the legislature in passing the Act of July 12, 1935, at the same session, had in mind the previous legislation. Since the Act of July 12, 1935, in no way mentions the Act of June 21, 1935, it is our conclusion that the legislature did not intend to in any way change or modify the system of taxation provided for in the Act of June 21, 1935. A careful consideration of the provisions of the Act of July 12, 1935, will disclose the fact that evidently the legislature realized that, as between a city treasurer elected after the passage of the Act of June 21, 1935, and one who had already been elected and would continue in office after the passage of the last mentioned act, they would not be on the same plane as to the provisions of their bonds. An amendment to the Act of 1931 was necessary. Under the Act of 1931 the city treasurer was required to give a bond which had features of guaranty. Under the Act of June 21, 1935, the city treasurer's bond was one of fidelity. In our opinion, to correct an apparent injustice, that is, by requiring city treasurers who were in office and held over after the passage of the Act of June 21, 1935, to give a bond of different requirements than those of a city treasurer who was elected and took office after the passage of that act, the amendment contained in the Act of July 12, 1935, was passed. By adopting the construction indicated above, the several acts quoted at length, or the sections thereof, can be harmonized and the will of the legislature as expressed therein put into effect. In other words, in our opinion, the Act of June 21, 1935, was intended to apply only to city treasurers who were elected and took office after its passage. The Act of July 12, 1935, was passed for the purpose of remedying certain apparent injustices suffered

by city treasurers who were in office at the time of the passage of the former act and continued in office after its enactment.

And now, September 5, 1936, it is our opinion, and we so hold, that Helen T. Cox, as City Treasurer of the City of Franklin, is subject to and governed by the provisions of the Act of June 21, 1935, supra, and that she shall give bond in conformity with its requirements.